IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MALLOY and COLLEEN RABBITT, on behalf of themselves and those similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TEMPLE FAMILY PRACTICE PLAN,<br><br>　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON SEPTEMBER 27, 2023<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Jennifer J. Malloy ("Malloy") and Colleen Rabbitt ("Rabbitt") (together "Plaintiffs") bring this lawsuit against Temple Family Practice Plan ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), Act of January 17, 1968, P. L. 11, No. 5, §§1, *et seq.*, 43 P.S. §§ 333.101, *et seq.* Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claims is proper under Section 16 of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4. Malloy is a registered nurse employed by the Defendant in the City of Philadelphia. She resides in Philadelphia, Pennsylvania. Malloy is an employee within the

meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and Section 3(h) of the PMWA, 43 P.S. §333.103(h).

5. Rabbitt is a registered nurse employed by Defendant in the City of Philadelphia. She resides in Huntingdon Valley, Pennsylvania. Rabbitt is an employee within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and Section 3(h) of the PMWA, 43 P.S. §333.103(h).

6. Defendant is a non-profit corporation and is headquartered at 3401 North Broad Street, Philadelphia, Pennsylvania. The Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and Section 3(g) of the PMWA, 43 P.S. §333.103(g).

## FACTS

6. Defendant is in the business of providing health care services at various hospitals and medical care facilities owned and operated by Temple University Health System ("TUHS"), in Philadelphia and the Philadelphia metropolitan area and has been doing so since its creation on January 1, 2021.

7. Defendant's annual gross volume of business exceeds $500,000.

8. Defendant employs registered nurses to provide a variety of health care services including performance of nurse practitioner duties at the various TUHS locations. Rabbitt and Malloy have been so employed by Defendant since January 1, 2021.

9. Defendant has classified Plaintiff and other registered nurses as overtime-eligible and has required them to submit time sheets that purport to reflect their work hours. However, since January 2021, the time sheets have been false because the Defendant has implemented a common policy and practice of limiting the payment of overtime wages by actively discouraging Plaintiffs and other registered nurses from reporting hours worked in excess of 40 per week. For

example, Rabbitt \*\*. Likewise, Malloy \*\*.

11.     Plaintiffs have followed the Defendant's instructions and, therefore, have not listed on their time records any time expended outside of forty (40) hours per week. Much of this unreported time is attributable to work associated with the requirement that Plaintiffs and other registered nurses "chart" or otherwise enter data, patient observation summaries, and other information into patients' medical records. Such extensive recordkeeping is crucial to patient care, is mandated by Defendant, and is consistent with the professional duties and responsibilities of Plaintiffs and other registered nurses.

12.     The Plaintiffs and other registered nurses have regularly and consistently met their obligations to communicate with patients and provide documentation of medical services but are generally required to performed such work before and after their eight-hour work shifts and have not, by virtue of the direction of the Defendant, documented their overtime hours because they are subject to criticism and discipline if they document the time they have spent performing their duties on an overtime basis.

14.     At all times relevant hereto, Defendant has been aware that Plaintiffs' regularly perform the uncompensated work summarized herein. Indeed, as noted in Paragraph 12 of this Complaint, Defendant's managers have actively discouraged Plaintiffs and other registered nurses from reporting such time. In addition, Plaintiffs and other registered nurses perform much of their to uncompensated work while logged-in to Defendant's computer systems computer, making it obvious to Defendant that such work is being performed outside of scheduled working hours.

15.     As a result of the Defendant's instructions, directions not to work overtime and discipline of nurses working overtime or threats thereof, the time records by of Plaintiffs and

3

other registered nurses do not reflect their actual work hours. However, in the absence of discovery, the Plaintiffs attest that they regularly worked over 40 hours per week, generally on the average of five (5) to ten (10) hours per week beyond forty.

16. By failing to pay the Plaintiffs and other registered nurses overtime compensation for all hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions. Moreover, such violations of the FLSA's overtime pay mandate have harmed the Plaintiffs, their co-workers, and the public at large.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring their FLSA claim as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b) and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. They sue on behalf of registered nurses employed by Defendant during any week since January 1, 2021.

18. Plaintiffs' FLSA claims should proceed as a collective action because they and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in §16(b) of the FLSA;29 U.S.C. § 216(b) and the associated decisional law.

19. Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class includes over seventy five (75) registered nurses, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of

4

other class members.

22.     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

23.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

24.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

25.     All above paragraphs are re-alleged as if fully set forth herein.

26.     Section 7 of FLSA, 29 U.S.C. § 207(a)(1 requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.

27.     Defendant violated the FLSA by failing to pay the Plaintiffs and other registered nurses the FLSA collective overtime premium compensation for all hours worked over 40 per week.

28.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

29. All above paragraphs are re-alleged as though fully set forth herein.

30. Section 13.104(c) of the PMWA, 43 P.S. § 333.104(c) requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.

31. Defendant violated the PMWA by failing to pay Plaintiffs and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiffs demand a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARKOWITZ & RICHMAN**
123 S. Broad Streeet, Suite 2020
Philadelphia, PA 19109

/s/ Jonathan Walters, Esquire
Jonathan Walters, Esquire (PA#23900)
jwalters@markowitzandrichman.com
(215) 875-3121
Peter Demkovitz, Esquire (PA#75319)
pdemkovitz@markowitzandrichman.com
(215) 875-3119

**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025

Peter Winebrake, Esquire (PA#80496
pwinebrake@winebrakelaw.com
(215) 884-2491

Dated:        September 27, 2023