IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER MALLOY AND COLLEEN RABBITT**, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**TEMPLE FAMILY PRACTICE PLAN**,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 23-3774-KSM |

## ORDER

**AND NOW**, this 12th day of December, 2024, upon consideration of Plaintiffs' Unopposed Motion for Approval of the Settlement (Doc. No. 34), the Court finds as follows:

1. This action includes an individual claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*[1]

2. Although the Third Circuit Court of Appeals has not addressed the issue, this Court generally reviews FLSA settlements of individual claims to ensure that they represent "a fair and reasonable resolution of a *bona fide* dispute." *Baxter v. Silver Heart Healthcare Agency LLC*, No. 22-cv-3262, 2023 WL 2887628, at *1 (E.D. Pa. Apr. 10, 2023) (internal quotation omitted). A settlement of individual FLSA claims will be approved if it: (1) resolves a *bona fide* dispute under the FLSA, (2) is "fair and reasonable to the employee," and (3) "furthers [. . .] the implementation of the FLSA in the workplace." *Id.* (internal quotation omitted).

3. Here, the Court finds that these requirements are satisfied by the parties'

---

[1] Prior to filing the instant motion, Plaintiffs withdrew their class and collective FLSA claims, among other claims, and indicated that they would be pursuing those claims individually going forward. (Doc. No. 33.)

1

settlements, which provide Plaintiffs with the following one-time gross lump sum payments, less applicable taxes and deductions, totaling a gross amount of $69,000.00: (i) Jennifer Malloy with $27,045.00; (ii) Colleen Rabbit with $6,710.00; (iii) Sophia Harris with $975.00; (iv) Kelly Lattanzi with $5,652.00; (v) Mary Ann Shatz with $14,293.00; and (vi) Lori Warren with $14,325.00.  (*See* Doc. No. 34-1 ¶ 3; Doc. No. 34-2 ¶ 3; Doc. No. 34-3 ¶ 3; Doc. No. 34-4 ¶ 3; Doc. No. 34-5 ¶ 3; Doc. No. 34-6 ¶ 3; Doc. No. 34-9 at 3.)  The settlements are the results of arm's length negotiations between counsel and were reached with the help of Magistrate Judge Carol Sandra Moore Wells.  (*See* Doc. No. 34-9 at 6.)  The settlement agreements (Doc. Nos. 34-1–34-6) have been publicly filed, do not contain any confidentiality provisions, and do not require the release of any claims other than the claims asserted in this action.  (*See* Doc. No. 34-1 ¶ 6; Doc. No. 34-2 ¶ 6; Doc. No. 34-3 ¶ 6; Doc. No. 34-4 ¶ 6; Doc. No. 34-5 ¶ 6; Doc. No. 34-6 ¶ 6.)  *See Baxter*, 2023 WL 2887628, at *1.

4. In addition, the settlements provide Plaintiffs' counsel with fees and expenses totaling $35,000.00 (approximately one third of the settlement amount), which are reasonable given they are significantly less than Plaintiffs' counsel's stated total lodestar, the result reached for Plaintiffs, and typical fee awards in FLSA cases.  *See Baxter*, 2023 WL 2887628, at *1; *Fein v. Ditech Fin., LLC*, No. 16-cv-00660, 2017 WL 4284116, at *12 (E.D. Pa. Sept. 27, 2017) (collecting cases).

For those reasons, it is **ORDERED** as follows:

1. The motion is **GRANTED** and the settlements are **APPROVED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

<u>/s/ Karen Spencer Marston</u>
KAREN SPENCER MARSTON, J.